IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KISON PATEL, ) | | |
| individually and on behalf of a class ) | | |
| of a class, ) | Case No. 15 C 8174 | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| AT&T INC., ) | | |
| ) | | |
| Defendant. ) | | |

**COMPLAINT - CLASS ACTION**

1. Plaintiff, Kison Patel brings this action individually and on behalf of a class against Defendant AT&T Inc., who called Plaintiff using a predictive dialer accompanied with a prerecorded that left a prerecorded voice message in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

2. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question) and 47 U.S.C. § 227 ("TCPA"). *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012); *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005).

3. Venue and personal jurisdiction over Defendant in this District is proper because:

   a. Plaintiff resides in the District;

   b. Defendant transacts business in the District via the telephone lines; and

   c. Defendant's activities complained of occurred within the District.

4. AT&T used a "Predictive Dialer", as defined by the Federal Communications Commission, to call the cell phone used by Plaintiff and each of the putative class members.

5.    AT&T is capable of dialing telephone numbers without human intervention, and delivering an automated prerecorded message with text-to-speech customization to insert an account number into the message.

6.    Plaintiff has a cellular telephone assigned the telephone number XXX-XXX-5877 in which he carries on his person and makes and receives calls on.  The first seven digits of Plaintiff's cellular telephone number are redacted herein due to privacy considerations.

7.    When plaintiff answered a call on September 3, 2015, from AT&T on Plaintiff's cellular telephone a prerecorded message in the form as follows was played:

> Hi this is AT&T calling with an important message regarding your AT&T account. Para Espanol marque el dos.  If this is a person authorized to take action on your account number [pause] 129229770.  Please press 1 now.  Otherwise to place this call on hold and allow time for the authorized person to come to the phone press 7.  If no one is available right now press 9.  [Pause].
>
> I'm sorry I did not receive an entry.  If you are authorized to action on your account number [pause] 129229770.  Press 1 now.  To place this call on hold so the authorized person to come to the phone press 7.  If no one is available right now press 9.  [Pause].
>
> Please have an authorized billing contact call our business office at 1-800-288-2020 regarding an important matter regarding an important matter with your account number [pause] 129229770.
>
> For more information your account can be viewed at att.com/pay.  To hear this again press 3.
>
> Thank you. AT&T appreciates your business.

8.    Each time the account number 129229770 was spoke in the message above, the voice was a text-to-speech customization that inserted the account number AT&T was calling in regard to.

9.    Plaintiff did not give AT&T permission to call his cell phone number regarding account number 129229770.

2

10. AT&T called Plaintiff's cell phone once on September 1, 2015, two times on September 2, 2015, and two times on September 3, 2015.

11. The calls Plaintiff received were from 1-800-288-2020.

12. The telephone number 1-800-288-2020 is a telephone number used by AT&T.

13. The telephone number 1-800-288-2020 is used in relation to AT&T U-verse.

14. AT&T U-verse is a Wireline segment of AT&T Inc.

15. Plaintiff contacted AT&T, and Plaintiff believes that that based on his communication that AT&T was attempting to collect an account that is not his, and therefore, no established business relationship existed for AT&T to contact him regarding account number 129229770.

16. On information and belief, AT&T makes an entry in the account notes if they have been contacted by a person who has indicated that the telephone number they are calling is not the person to whom owes money on the account AT&T is seeking to collect.

17. The Telephone Consumer Protection Act, 47 U.S.C. § 227 provides in pertinent part:

> (b) Restrictions on use of automated telephone equipment.
> (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–
> * * *
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .

18. On information and belief there are 40 similarly situated called parties whose cellular telephones were called by AT&T using a predictive dialer and/or used a prerecorded

message.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendant for:

    a. Damages allowed under the TCPA;

    b. Injunctive relief; and

    c. Costs.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
350 S. Northwest HWY Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

## NOTICE OF LIEN

Please be advised that the Warner Law Firm, LLC claim a lien upon any recovery herein for 1/3 of that amount or such an amount as the Court awards.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
350 S. Northwest HWY Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

## ESI / DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant take affirmative steps to preserve all relevant ESI/documents dating four years prior to the filing of this complaint including, recordings, data, documents and all other tangible things that relate to plaintiff, plaintiff' cell phone number, the account listed in the complaint, and the cell phone numbers of the putative class members and

the accounts which indicate that a wrong number was being called, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, the account referenced in the account above or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

                                                        Respectfully submitted,

                                                        <u>s/ Curtis C. Warner</u>
                                                          Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
350 S. Northwest HWY Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com